IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLINTON JONES | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE |
| | ) NO.: _____ |
| MRS. LOCKSMITH INCORPORATED | ) |
| and BURTON KOLKER, | ) |
| | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Clinton Jones and files this lawsuit against Defendants Mrs. Locksmith Incorporated and Burton Kolker (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

1

*seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Mrs. Locksmith Incorporated is a Georgia corporation with its registered agent, Burton Kolker, located at 906 Thorington Road, Roswell, Georgia 30075. In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work location: 155 Hammond Drive, Sandy Springs, Georgia 30328.

## III. Parties

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Defendant Mrs. Locksmith Incorporated may be served with process by delivering a copy of the summons and complaint to its registered agent, Burton Kolker, located at 906 Thorington Road, Roswell, Georgia 30075.

8.

Defendant Burton Kolker may be served with process by delivering a copy of the summons and complaint to his address at 906 Thorington Road, Roswell, Georgia 30075.

## IV. Factual Allegations

9.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

10.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

11.

Defendants employed the named Plaintiff during the relevant time period.

12.

During the relevant time period, Plaintiff worked an amount of time

that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

13.

Defendant Mrs. Locksmith Incorporated is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Burton Kolker is the owner of Mrs. Locksmith Incorporated.

15.

Defendant Kolker has discretion over Plaintiff's working hours and overtime compensation.

16.

Defendant Kolker acts both directly and indirectly in the interest of Mrs. Locksmith Incorporated and is in a supervisory position over Plaintiff.

17.

Defendant Mrs. Locksmith Incorporated is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendant Kolker is an "employer" within the definition of FLSA §3(d), 29

U.S.C. §203(d).

19.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

20.

Plaintiff started working for Defendants on or around September 1, 2004 as a Locksmith, calling on customers outside the office.

21.

Between October 2011 and July 2013, Plaintiff was moved to a position at the office/retail location of Mrs. Locksmith as an "acting manager," earning a salary of $1,200 per week (or $30 per hour based on a 40 hour work week).

22.

Plaintiff's job duties in this position included answering phones, dispatching locksmiths and waiting on customers in the retail shop.

23.

Plaintiff was told that he was exempt from overtime compensation in this "acting manager" position and paid only a weekly salary.

24.

While working as "acting manager," Plaintiff's job duties did not provide for any supervisory authority over other Mrs. Locksmith employees.

25.

While working as "acting manager," Plaintiff's job duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

26.

Plaintiff estimates that he worked approximately twelve (12) hours per week of uncompensated overtime between October 2011 and July 2013.

27.

Plaintiff's good faith estimate of his unpaid overtime amount is $50,220.00 (12 hours per week x 93 weeks x $30/hour x 1.5).

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

28.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

29.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## V. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid overtime wages pursuant to FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 10th day of October, 2014.

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff