# SETTLEMENT AGREEMENT

WHEREAS, CLINTON JONES ("Plaintiff") filed suit against MRS. LOCKSMITH, INC. and BURTON KOLKER ("Defendants")(hereinafter, collectively referred to as the "Parties") in the United States District Court for the Northern District of Georgia in Case Number 1:14-CV-03280-LMM for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA")(hereinafter, the aforementioned lawsuit being referred to as the "Civil Action");

WHEREAS, Defendants deny that they violated the FLSA with regard to Plaintiff's alleged unpaid overtime;

WHEREAS, despite Defendants' denial that they violated the FLSA, Defendants have agreed to compensate Plaintiff for the amount of overtime which Plaintiff believes is due;

WHEREAS, the Parties now wish to settle and resolve this action, avoid the disruption and expense of litigation of this action, and resolve any and all issues related to Plaintiff's unpaid overtime claims against Defendants;

WHEREAS, the Parties have reached a settlement of Plaintiff's pending unpaid overtime causes of action against Defendants on a non-admission of wrongdoing or liability basis; and

WHEREAS, the Parties stipulate that the payment that will be made to Plaintiff is a fair and reasonable compromise in light of their claims and Defendants' denials of Plaintiff's allegations;

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  **Consideration—Payment to Plaintiff**: As consideration for the promises set forth herein (including, without limitation, Plaintiff's release of Defendants and Plaintiff's dismissal of the Civil Action), Plaintiff agrees to accept a payment in the gross amount of $ 18,250.00. The payment is to be split as follows:

    $ 5,917.00 to Plaintiff representing unpaid wages;

    $ 5,917.00 to Plaintiff representing liquidated damages; and

    $ 6,416.00 to The Sharman Law Firm for attorneys' fees and costs.

The Plaintiff specifically agrees that the gross amount described above compensates him for all time worked, liquidated damages, attorneys' fees, and costs. All payments are to be delivered to Plaintiff's counsel, The Sharman Law Firm.

2.  **Time for Payment of Settlement**.  As further consideration for the settlement payment, Plaintiff agrees to the filing of a Joint Motion to Approve

Settlement Agreement in the form attached hereto as Exhibit A. Defendants will issue checks for the payments referenced in Paragraph 1 within five (5) business days of the entry of an order granting the Joint Motion to Approve Settlement and approving the Agreement.

3. **Dismissal**. Within three (3) business days of receipt by Plaintiff's counsel of the settlement payment, Plaintiff's counsel will cause to be filed a Joint Stipulation of Dismissal With Prejudice in the form attached hereto as Exhibit B.

4. **Indemnification**. Plaintiff acknowledges and agrees that each is individually responsible for the payment of any and all federal, state and/or local taxes, if any, that may be due and owing by them to any revenue agency and that are or may be owed as taxes or other withholdings with respect to monies paid hereunder. Plaintiff represents that they are not relying in any way upon Defendants in this regard.

5. **Release by Plaintiff**. In consideration of the special benefits and compensation described herein, Clinton Jones agrees, for himself and for his heirs, executors, administrators and assigns, to release, waive, acquit, and forever discharge Defendants, and Defendants' predecessors, successors, assigns, fiduciaries, partners, affiliates, agents, heirs, administrators, executors and attorneys, past and present, from and against any and all claims, demands, liabilities, obligations, suits, charges, proceedings, actions and causes of action relating to or arising from the FLSA, whether known or unknown, whether asserted or unasserted. Plaintiff also does hereby covenant not to file a lawsuit or assert any such claims against Defendants or Defendants' predecessors, successors, assigns, fiduciaries, partners, agents, heirs, administrators, executors and attorneys, past and present.

6. **Non-Assignment of Claims.** Plaintiff represents, understanding the materiality of this representation, and warrants that he has not conveyed, transferred, pledged, hypothecated, or in any manner whatsoever assigned or encumbered any of the rights, demands, suits, judgments, actions or causes of action released herein.

7. **Non-Admissions**. The Parties acknowledge and agree that this Agreement is intended to compromise disputed claims and that the Parties do not admit or acknowledge any liability to any other party. The Parties further understand and agree that this Agreement is entered into without prejudice; that it shall not constitute precedent; that it is not intended to be, nor shall it be construed as, an interpretation of any contract or transaction; and that it shall not be used as evidence in any court or dispute resolution proceeding regarding any claims between the Parties, other than with respect to enforcement of this Agreement.

8. **Attorney's Fees and Costs**. Other than as specified in Paragraph 1 of this Agreement, the Parties shall be responsible for their own fees, costs, and all other expenses (including, without limitation, fees and/or expenses for attorneys or other professionals) arising from or in any way related to the matters that are the subject of this Agreement.

9. **Further Acts**. The Parties will sign and deliver to one another such further instruments and documents as any party hereto may reasonably request in order to more fully consummate the transactions that are the subject of this Agreement and to give further effect to the provisions of this Agreement.

10. **Interpretation**. The Parties acknowledge and agree that this Agreement and the settlement memorialized herein were negotiated between counsel for the Parties, and, in the event of a dispute about the meaning, construction, or interpretation of this Agreement, no presumption shall apply to construe the language of this Agreement for or against any of the Parties hereto. If any provision of this Agreement shall be determined to be void or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable.

11. **Headings**. The headings or titles of paragraphs, sections and subsections contained in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision of this Agreement.

12. **Warranty of No Assignment**. The Parties hereto represent and warrant that they have not conveyed, transferred, pledged, hypothecated, or in any manner whatsoever assigned or encumbered any of the rights, demands, suits, judgments, actions, or causes of action released herein.

13. **Separate Counterparts**. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

14. **Benefit/Assignment**. Subject to the provisions herein to the contrary, this Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective legal representatives, heirs, executors, administrators, trustees, successors, and assigns.

15. **Entire Agreement**. This Agreement is the entire and final agreement among the Parties hereto with respect to the matters herein, and all negotiations in connection with this Agreement are merged herein. No representations, inducements, promises or agreements between the Parties hereto with respect to the subject matter hereof not embodied herein shall be of any force or effect.

16. **Amendment**. This Agreement may not be changed, amended or modified unless such change, amendment or modification is made in writing and signed by all Parties to be charged.

17. **Advice of Counsel**. By executing this Agreement, the Parties hereto agree that they have read and understand the terms and conditions of this Agreement, have been advised to and have had the opportunity to consult with an attorney, and that they have entered into this Agreement freely and voluntarily.

18. **Notice**. The Parties agree that, in the event that any dispute arises under or relating to this Agreement or the subject matters addressed herein, the individual or

entity having such dispute shall contact each other party to this Agreement by submitting a notice of that dispute in writing to:

<u>Plaintiff</u>:

Clinton Jones
c/o The Sharman Law Firm LLC
Attn: Paul J. Sharman
11175 Cicero Drive
Suite 100
Alpharetta, GA 30022

<u>Defendants</u>:

Burton Kolker
c/o Owen Gleaton, Egan, Jones & Sweeney LLP
Attn: David L. Pardue
1180 Peachtree Street NE
Suite 3000
Atlanta, GA 30309

Mrs. Locksmith, Inc.
c/o Owen Gleaton, Egan, Jones & Sweeney LLP
Attn: David L. Pardue
1180 Peachtree Street NE
Suite 3000
Atlanta, GA 30309

**19.** **<u>Choice of Law</u>**. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Georgia, notwithstanding any choice of law rule.

IN WITNESS WHEREOF, the undersigned have set their hands, this instrument to be effective as of the date executed by all parties below.

**[SIGNATURE BLOCKS APPEARING ON FOLLOWING PAGE]**

Executed this _____ day of _____, 2015.     Executed this  12  day of  JUNE  , 2015.

_____                   For MRS. LOCKSMITH, INC.

Clinton Jones, Plaintiff

*Burton Kolker*
*Burton S. Kolker*
By: BURTON S KOLKER
Its: PRESIDENT

*Burton Kolker*
BURTON KOLKER, Defendant

[5]

Executed this __2__ day of __June__, 2015.      Executed this ____ day of _____, 2015.

*/s/ Clinton J*      For MRS. LOCKSMITH, INC.

_____
Clinton Jones, Plaintiff

_____
By: _____
Its: _____


_____
BURTON KOLKER, Defendant